ZENCO ENGINEERING CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4692–80    Filed December 1, 1980.

---

*William J. Wise*, for the petitioner.
*Tommy F. Thompson*, for the respondent.

OPINION

FAY, *Judge:* This case comes before us on respondent's motion to dismiss for lack of jurisdiction on the ground the petition was not filed within the statutory 90-day period, and on petitioner's motion to dismiss for lack of jurisdiction on the ground the notice of deficiency was not properly mailed and delivered.

The following facts are uncontroverted:

After an audit and petitioner's administrative appeals, respondent on June 26 or 27, 1979, sent a notice of deficiency by certified mail to petitioner Zenco Engineering Corp. addressed as follows:

> Zenco Engineering Corporation
> 2940 North Halsted Street
> Chicago, Illinois 60657

Respondent's notice asserted a deficiency of $27,385 in petitioner's Federal income taxes for its taxable year ended January 31, 1975.

Since 1962, petitioner's address has been and still is 2940 N. Halsted St., Chicago, Ill.—just as set forth above. In September 1978, petitioner changed its name to Xenex Corp., but it has continued to receive mail addressed to it as Zenco Engineering Corp.

Petitioner's mail is normally held for pickup at the Lincoln Park Branch of the Chicago Post Office. Petitioner's president, Elias Zenkich (hereinafter Zenkich), or an employee under his direction normally picks up petitioner's mail at least once a day. This customary procedure was followed during June-July 1979 and was attended to personally by Zenkich on July 3 and 5.

The notice of deficiency arrived at the Lincoln Park Branch Post Office but was not picked up by any of petitioner's employees. Instead, the letter was returned to respondent on July 5, 1979, marked and stamped "refused" on July 3, 1979.

Records kept in the regular course of business at the Lincoln Park Branch of the Chicago Post Office confirm that delivery of the notice of deficiency was refused on July 3, 1979.

Zenkich has sworn by affidavit that he did not refuse to accept delivery of any certified letter between June 27 and July 5, 1979, that neither did any of his employees, and that as far as he and his employees were able to determine no such delivery was made or attempted on petitioner's premises during that same period. To expedite the hearing on this matter, respondent stipulated that Zenkich and each of his employees authorized to pick up petitioner's mail would so testify if called.

Petitioner alleges it was first informed of the existence of the notice of deficiency in November or December 1979, after the deficiency had already been assessed. The petition herein was mailed March 27, 1980, and filed in this Court April 1, 1980.

The issue presented is whether respondent's notice of deficiency was properly mailed to petitioner's last known address as required by section 6212(b)(1).[1] If respondent's notice was properly mailed, then the petition must be dismissed for lack of jurisdiction on the ground that it was not filed within 90 days after the notice was mailed as required by section 6213(a) (first sentence).[2] Petitioner's only recourse will then be to pay the tax

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue.

SEC. 6212(b). ADDRESS FOR NOTICE OF DEFICIENCY. —

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42. —In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

[2] SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT. —Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

assessed and sue for a refund in District Court. See sec. 7422. If the notice was not properly mailed, then this case will be dismissed for lack of jurisdiction on the ground that respondent failed to give petitioner notice, as required prior to assessment by section 6213(a) (second sentence). Dismissal on the ground urged by petitioner, that a valid notice was not "mailed" to its last known address, would presumably bar any further attempts by respondent to assess additional taxes for the year in issue, the statute of limitations having expired. See sec. 6501(a) and (c)(4); sec. 6503(a) (only a valid notice of deficiency will toll the statute). By filing an admittedly late petition and then asking that it be dismissed for want of a proper notice of deficiency, petitioner is, in effect, asking that we enjoin collection of an improper assessment as permitted by sections 6213(a) (third sentence) and 7421(a). See generally *Keeton v. Commissioner*, 74 T.C. 377, 379 and cases cited (1980).

As petitioner pointed out on brief, "This is no ordinary case." In the normal "last-known-address" case, the Commissioner has mailed the notice of deficiency to an address no longer used by the taxpayer and the issue is whether or not the Commissioner should have known better in light of all the facts and circumstances. E.g., *Weinroth v. Commissioner*, 74 T.C. 430 (1980). Here, petitioner admits that respondent delivered a correctly addressed notice of deficiency to postal officials and had the letter certified to ensure verifiable delivery to petitioner. See sec. 6212(a).

That concession would normally foreclose further protest because the statute, on its face, could not be clearer. Section 6212(b)(1) provides: "notice of a deficiency * * * if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." Proper mailing is all that the statute requires; receipt is not mentioned. The language of section 6212(b)(1) first entered the Code as section 281(d) of the Revenue Act of 1926, 44 Stat. (Part 2) 62, and has been in effect in substantially its present form since 1928. Sec. 272(k), Revenue Act of 1928, 45 Stat. 854; sec. 272(k), I.R.C. 1939. The legislative history explains the purpose of present section 6212(b)(1) as follows:

SECTION 272(K). ADDRESS FOR NOTICE OF DEFICIENCY.

It is obviously impossible for the Commissioner to keep an up-to-date record of taxpayers' addresses. Where a taxpayer has changed his address without notifying the Commissioner, it is not possible to be sure that the deficiency letter is being sent to his last address. It is provided in the above section that in the absence of notice to the Commissioner under section 312(a), of the existence of a fiduciary relationship, the deficiency letter may be mailed to the taxpayer at his last known address, and if so mailed will be sufficient for the purposes of the title. [S. Rept. 960, Internal Revenue Bill of 1928, 70th Cong., 1st Sess. (1928), 1939–1 C.B. (Part 2) 409, 430.]

A multitude of cases also hold that proper mailing is the only requirement imposed upon the Commissioner by the statute. *United States v. Ahrens,* 530 F.2d 781 (8th Cir. 1976); *De Welles v. United States,* 378 F.2d 37 (9th Cir. 1967); *Luhring v. Glotzbach,* 304 F.2d 560 (4th Cir. 1962); *Pfeffer v. Commissioner,* 272 F.2d 383 (2d Cir. 1959); *Cataldo v. Commissioner,* 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974); *August v. Commissioner,* 54 T.C. 1535 (1970); *DeLuca v. Walters,* an unreported case (D. Mass. 1974, 35 AFTR 2d 75–481, 75–1 USTC par. 9109).

Nonetheless, petitioner asserts that the statutory notice in this case was somehow diverted or mishandled within the postal system and that petitioner was thereby deprived of his chance to contest the deficiency in this Court. Petitioner seeks to come within an exception to the strict application of section 6212(b)(1) set forth in *Estate of McKaig v. Commissioner,* 51 T.C. 331 (1968).

In *Estate of McKaig* the notice of deficiency was mailed to the taxpayer at 4654 Cedar Street, Bellaire, Tex., but delivery there was never attempted because the post office crossed out the Cedar Street address and forwarded the letter to 3411 Timmons Lane, in Houston. This forwarding was evident on the face of the letter. After first holding that the Cedar Street address was not the taxpayer's "last known address," we held, as an alternative ground:

Even assuming that the Cedar Street address was petitioner's "last known address" to respondent, the Post Office Department changed that address before it was delivered and presumably this caused the delivery failure. The statute says the notice of deficiency must be mailed to the last-known address. We do not think this mailing can be said to have been completed within the meaning of the statute because the Post Office Department diverted it. Petitioner cannot be held responsible for this. [51 T.C. at 336.]

See also *Kennedy v. United States*, 403 F. Supp. 619 (W.D. Mich. 1975). The result in *Estate of McKaig* was that the taxpayer's otherwise late petition was timely, having been filed within 90 days of a second letter from the Commissioner. In other words, the taxpayer won only a chance to appear before this Court. See 51 T.C. at 335–336. A decision for petitioner in this case would bar further collection attempts by respondent.

Petitioner argues that Zenkich's affidavit and the stipulated testimony of petitioner's employees establish a prima facie case that the post office somehow misdirected the correctly addressed and properly certified notice of deficiency. We disagree. An involved discussion of the factors and policy in *Estate of McKaig v. Commissioner, supra,* is not required to decide this case. To show mishandling of an otherwise adequate notice of deficiency by postal authorities, more is required than the bald testimony of a taxpayer or its employees that they never got the letter.

There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee. *United States v. Ahrens, supra; Cataldo v. Commissioner, supra; August v. Commissioner, supra.* Any other rule would impose unwarranted requirements upon respondent and would render meaningless the plain language of section 6212(b)(1). Moreover, tax cases could all become farcical swearing contests, with impermissibly high rewards for false testimony, if we awarded unconditional relief to every taxpayer who was willing to testify that he had not received the notice of deficiency. See *DeLuca v. Walters, supra.*

The documentary evidence in this case shows that on July 3, 1979, someone at petitioner's post office refused to sign for the certified notice of deficiency, which plainly bore respondent's return address. There is absolutely no indication in the written record that anything was amiss in the normal handling of the letter in question. In these circumstances, we have no adequate grounds for holding that the notice of deficiency was not properly mailed to petitioner at its last known address.

Accordingly, respondent's motion is granted and petitioner's denied. This case is dismissed for lack of jurisdiction on the ground that the petition was filed late. Sec. 6213(a).

*An appropriate order will be entered.*