RAYMOND J. MADSEN and RENE J. MADSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Madsen v. Commissioner
Docket No. 34102-87.
United States Tax Court
T.C. Memo 1988-179; 1988 Tax Ct. Memo LEXIS 212; 55 T.C.M. (CCH) 704; T.C.M. (RIA) 88179; April 28, 1988. Richard J. Albrecht, for the petitioners. Jeffrey A. Hatfield, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is *213 before the Court on respondent's amended motion to dismiss for lack of jurisdiction and to close the case on grounds of duplication. The primary issue is whether petitioners timely filed their petition in this case in accordance with section 6213(a). [1]
Petitioners resided in Santa Ana, California, when their petition was filed. On September 3, 1986, respondent mailed to petitioners by certified mail a notice of deficiency with respect to petitioners' Federal income tax liabilities for both 1980 and 1981. [2] In the notice of deficiency, respondent determined deficiencies in petitioners' Federal income tax liabilities and additions to tax as follows: Additions to Tax, Secs.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
1980
$ 34,730
$ 1,737
--
--
1981
13,546
677 *
$ 4,064
*214 Respondent also determined that the deficiencies for 1980 and 1981 were attributable to tax motivated transactions under section 6621(c). [3]
At the time respondent mailed to petitioners the notice of deficiency, respondent had received from petitioners a power of attorney form in favor of their attorney Richard Albrecht with respect only to their Federal income tax liability for 1980. The power of attorney form requested that a copy of all documents sent to petitioners pertaining to their 1980 tax liability also be sent to Mr. Albrecht. Apparently, in order to comply with that request but, at the same time, in order to avoid mailing to Mr. Albrecht any information pertaining to petitioners' 1981 Federal income tax liability (with respect to which year respondent had not received a power of attorney for from petitioners), respondent prepared a revised notice of deficiency. The revised notice of deficiency reflected the same adjustments for 1980 that were reflected in the first notice of deficiency. *215 The revised notice of deficiency, however, reflected the adjustments for 1980 in a different format from the manner in which those adjustments were reflected in the first notice of deficiency. In addition, the revised notice of deficiency did not include any information with respect to the deficiency determination respondent made against petitioners for 1981. A copy of the revised notice of deficiency was mailed to Mr. Albrecht by respondent by certified mail on September 3, 1986. As stated, the original of the first notice of deficiency (pertaining to 1980 and 1981) was mailed to petitioners. Respondent did not mail to Mr. Albrecht a copy of the first notice of deficiency (because of the information reflected thereon pertaining to 1981), and respondent did not mail to petitioners either the original or a copy of the revised notice of deficiency for 1980. The mailing of both notices was recorded sequentially on United States Postal Service Form 3877 (a record of certified mailings). Shortly after he received a copy of the revised notice of deficiency, Mr. Albrecht asked petitioner Raymond Madsen in a telephone conversation whether Mr. Madsen had received a notice of deficiency. *216 Mr. Madsen indicated that he had not received a notice of deficiency, whereupon Mr. Albrecht advised Mr. Madsen that he (Mr. Albrecht) had received a notice of deficiency with regard to Mr. Madsen's Federal income tax liabilities and that a petition with respect thereto should be filed in this Court. On November 10, 1986, Mr. Albrecht, on behalf of petitioners, filed a petition only for 1980 and attached to that petition a copy of the revised notice of deficiency for 1980 that Mr. Albrecht had received. The docket number for that petition is 43552-86. Respondent concedes that that petition was timely filed. On or about January 27, 1987, petitioners received notice that on January 20, 1987, an assessment with respect to their Federal income tax deficiency for 1981 had been made. After a number of communications between respondent and Mr. Albrecht, on July 29, 1987, petitioners received from respondent a copy of the first notice of deficiency for 1980 and 1981. Petitioners filed their petition in this case with respect to that notice of deficiency on October 19, 1987, more than 400 days after the original of the first notice of deficiency was mailed to petitioners. In order *217 for a taxpayer to be entitled to litigate in this Court with regard to a determination by respondent for a particular year, the taxpayer must file a petition for redetermination within 90 days (or 150 days if the notice of deficiency is addressed to a taxpayer outside the United States) after the notice of deficiency is mailed by certified or registered mail. Secs. 6213(a) and 6212(a). Timely filing of a petition is an indispensable prerequisite to the jurisdiction of this Court, and failure to timely file a petition will result in dismissal of the case. Shipley v. Commissioner,577 F.2d 212 (9th Cir. 1977); Zenco Engineering Corp. v. Commissioner,75 T.C. 318 (1980), affd. 673 F.2d 1332 (7th Cir. 1981). Section 6212(b)(1) requires only that the notice of deficiency be mailed to the taxpayer. Upon proper mailing of the notice of deficiency, a strong presumption arises that the notice will be delivered, or offered for delivery, to the taxpayer. Zenco Engineering Corp. v. Commissioner, supra at 323. Actual receipt by the taxpayer is not required. Wilson v. Commissioner,564 F.2d 1317, 1319 (9th Cir. 1977), *218 cert. denied sub nom. Mercer v. Commissioner,439 U.S. 832 (1978); Ramirez v. Commissioner,87 T.C. 643, 650 (1986); Zenco Engineering Corp. v. Commissioner, supra at 320. Furthermore, respondent's failure to mail to a taxpayer's attorney a copy of a notice of deficiency mailed to the taxpayer has no bearing on whether the notice of deficiency was properly mailed to the taxpayer. McDonald v. Commissioner,76 T.C. 750, 753 (1981). See also 26 C.F.R. sec. 601.506 (1987).[4]
*219 In their petition in this case, petitioners allege that they did not receive the first notice of deficiency for 1980 and 1981 until July 29, 1987. The Form 3877, however, submitted by respondent establishes the mailing to petitioners of the original of the first notice of deficiency for 1980 and 1981 on September 3, 1986. See Magazine v. Commissioner,89 T.C. 321, 324, 327 n.8 (1987). Accordingly, we conclude that respondent mailed to petitioners the notice of deficiency for 1980 and 1981 on September 3, 1986. The petition in this case, therefore, was not timely filed. Furthermore, as mentioned above, petitioners have timely filed a separate petition (at docket No. 43552-86) for 1980 based on the revised notice of deficiency mailed to Mr. Albrecht. Because the petition in this case also seeks a redetermination for 1980, the petition herein with regard to 1980 will be dismissed on the basis of duplication. In spite of our holding in this case, we comment on the manner by which respondent notified petitioners' attorney of the deficiency and addition to tax determined against petitioners for 1980. At the least, respondent should have indicated on the revised *220 notice sent to Mr. Albrecht that the notice mailed to him varied from the notice of deficiency mailed to his clients. In addition, the original of the revised notice for 1980 should have been mailed to petitioners, pursuant to the power of attorney form petitioners had filed with respondent. [5]
Based on the foregoing, respondent's motion to dismiss will be granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. The record does not contain a Form 872A extending the statute of limitations on assessment for 1980 and 1981. Petitioners, however, have not raised an issue in this case as to the timeliness of the notice of deficiency for 1980 and 1981. See Rule 39, Tax Court Rules of Practice and Procedure.
* 50 percent of the interest due on underpayment of $ 13,546.↩
3. Former subsection (d) of sec. 6621 was redesignated as subsection (c) and amended by sec. 1511(c)(1)(A)-(C), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2744. ↩
4. 26 C.F.R. sec. 601.506 (1987), respondent's Statement of Procedural Rules, addresses the notices to be provided to recognized representatives of taxpayers pursuant to a power of attorney and provides, in relevant part, as follows: (a) Notices.↩ Any notice or other written communication (or a copy thereof) required or permitted to be given to a taxpayer in any matter before the Revenue Service shall be given to the taxpayer's recognized representative. However, if such notice or communication contains confidential information with respect to the taxpayer, the notice or communication will be given to the representative only if there is on file with the Revenue Service a power of attorney or a tax information authorization in the matter signed by the taxpayer. * * * To the extent feasible, it will be the practice of the Revenue Service to give copies of notices and other written communications to whichever of the representatives is designated by the taxpayer to receive such communications in the power of attorney or tax information authorization, whichever instrument reflects the latest date. * * * In no event will failure to give notice or other written communication to a taxpayer's representative affect its validity which is to be determined solely under the provisions of the Internal Revenue Code. * * * 5. In our opinion, where a notice of deficiency pertains to multiple years and where an attorney is to be mailed a copy of the notice to the extent it pertains to some but not all of the years, respondent should simply delete from the copy of the notice sent to the attorney the information pertaining to the years with respect to which the attorney has not been authorized to receive information. In addition, respondent should indicate on the copy sent to the attorney that "information pertaining to unauthorized year(s) has been deleted," or some indication to that effect. In all other respects, the document should be an exact duplicate of the original notice of deficiency mailed to the taxpayer, not a revision thereof. ↩