T.C. Summary Opinion 2006-193


UNITED STATES TAX COURT


DANIEL HUBBARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8207-05S.          Filed December 21, 2006.


Daniel Hubbard, pro se.

<u>Steven Josephy</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This matter is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121, Tax Court Rules of

Practice and Procedure.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  In his motion, respondent moves for adjudication of all legal issues in controversy and argues, pursuant to section 6330(c)(2)(B), that petitioner's receipt of a notice of deficiency should preclude him from challenging the underlying income tax liability for the 2000 taxable year, the only error assigned in the underlying petition.  Petitioner has not denied receiving a notice of deficiency but rather maintains that he is not required by law to pay income taxes.  The only issue for determination, therefore, is whether petitioner can contest the merits of the tax liability determined in the notice of deficiency and subsequently assessed by respondent.

Background

The parties' stipulation of facts is incorporated by this reference.  At the time that the underlying petition was filed in this case, petitioner resided in Centennial, Colorado.

During the taxable year at issue, petitioner worked as a school bus driver for the Denver Public Schools.  Petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2000.  On the return, petitioner entered zeros on all lines requesting information regarding his income (specifically, line 7), and claimed a refund of all of his

Federal income tax withheld.

Petitioner attached to the return a 2-page typewritten statement containing frivolous and groundless tax protester arguments such as: (1) No section of the Internal Revenue Code establishes an income tax liability or requires that he pay taxes on the basis of a return; (2) the Privacy Act provides that he is not required to file a return; (3) a Form 1040 with zeros is a valid return; (4) he has no income under the definition of income in Merchants Loan & Trust Co. v. Smietanka, 255 U.S. 509 (1921); (5) his return is not frivolous; (6) no Internal Revenue Service employee has been delegated authority to determine whether a return is frivolous or to impose a frivolous return penalty; (7) the frivolous return penalty may not be applied to him because no legislative regulation implements it; (8) no statute allows the IRS to prepare a return for him because he has filed a "return"; and (9) income, for purpose of the Federal income tax, "can only be a derivative of corporate activity."

In a letter dated August 13, 2002, respondent advised petitioner that although he had received petitioner's 2000 return, it could not be processed. Respondent informed petitioner in this letter that his arguments were frivolous and without merit. Respondent prepared a substitute return for petitioner. On August 13, 2002, respondent sent petitioner a 30-day letter, in which respondent adjusted petitioner's income tax

liability for 2000. Petitioner responded to this letter on October 20, 2002, by filing a Form 1040X, Amended U.S. Individual Income Tax Return. Across lines 1-10 of the Form 1040X, petitioner wrote the words, "Not Liable." He also wrote "Not Liable" on line 19 of the Form 1040X. On line 23, the amount that petitioner wanted as a refund, he wrote "$317." In Part II of the Form 1040X, petitioner wrote the following as an explanation of the changes he made on the Form 1040X:

> "Not Liable! (Explanation!) Not Liable!
> Not Liable! I discovered after reading your 1040
> instruction book that I'm not liable because line
> #7 ask [sic] for my foreign source income; since I
> had no foreign source income I'm not liable for
> any tax you claim that I owe. Please refund my
> overpayment in the amount of $317 that was
> withheld."

Respondent, by means of certified mail dated June 18, 2003, sent a notice of deficiency (the notice) to petitioner, determining an income tax deficiency and proposing additions to tax for the taxable year 2000 as follows:

| Deficiency | Additions to tax | |
| | Sec. 6651(a)(1) | Sec. 6654(a) |
| $6,419 | $1,525.50 | $324.07 |

The deficiency in income tax is based on respondent's determination that in 2000 petitioner received, but failed to report on an income tax return for that year, income from the following sources:

| Source | Amount |
|---|---|
| Labor Ready Central, Inc. | $36 |
| The Denver Post | 8,009 |
| DPS Production | 12,438 |
| JC Penney Company, Inc. | 1,045 |
| State of Colorado | 395 |
| U.S. Office of Personnel Management | 12,540 |
| Colorado Lottery | 657 |

The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner failed to file a valid income tax return for 2000. The addition to tax under section 6654(a) is based on respondent's determination that petitioner, having avoided the proper amount of withholding of tax from his wages, failed to pay estimated tax.

Respondent mailed the notice to petitioner's last known address, 20734 E. Dorado Place in Centennial, Colorado. Petitioner lived at this address at the time that the notice was sent by respondent up to and through the time that this Court held a hearing on respondent's present motion on November 14, 2005.

Petitioner did not claim the notice from his local United States Post Office. The envelope indicates that the United States Postal Service attempted delivery on June 20, 2003, June 27, 2003, and July 5, 2003. Sometime after July 5, 2003, the notice was returned to respondent with the word "unclaimed" stamped across the face of the envelope.

Petitioner has neither admitted nor denied that he ever received the notice.  Petitioner did not file a petition for redetermination with the Tax Court.  See sec. 6213(a).

On November 17, 2005, respondent assessed the determined deficiency of $6,419 "per default of 90 day letter," the addition to tax for failure to file under section 6651(a)(1) in the lesser amount of $1,372.95, and the addition to tax for failure to pay estimated tax under section 6654(a) in the lesser amount of $976.

Respondent issued a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (which petitioner admitted he did receive) on July 12, 2004.  On July 26, 2004, petitioner sent to respondent a Form 12153, Request for a Collection Due Process Hearing (CDP hearing).  The CDP hearing was held on March 21, 2005.

At the CDP hearing, petitioner restated all of his previous arguments that his income was not taxable according to his interpretation of the Internal Revenue Code and other materials.  No alternative collections options were discussed at the hearing.

Respondent sent to petitioner a Notice of Determination on April 27, 2005.  Petitioner filed his petition with this Court on May 5, 2005.  Respondent filed his motion for summary judgment, and the motion was heard at the Court's

Trial Session in Denver, Colorado.  At the hearing, petitioner filed a "PETITION TO WITHDRAWAL FOR LACK OF JURISDICTION" that the Court filed as a Motion to Dismiss for Lack of Jurisdiction.

### Discussion

Section 6331(a) authorizes the Commissioner to levy all property and property rights of a taxpayer liable for taxes who fails to pay them within 10 days after notice and demand for payment.  Sections 6331(d) and 6330(a) require the Secretary to send written notice to the taxpayer of the intent to levy and to provide the taxpayer with a right to a hearing prior to the collection activity.

Section 6330(c)(2)(A) provides that the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection.  Section 6330(c)(1) further requires that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.

Notably, however, a taxpayer may challenge the assessed amount of the deficiency and any additions to unpaid tax only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute that tax liability.

Sec. 6330(c)(2)(B); <u>Goza v. Commissioner</u>, 114 T.C. 176, 180-181 (2000). For purposes of section 6330(c)(2)(B), receipt of a notice of deficiency means receipt in time to petition this Court for redetermination of the deficiency determined in such notice. Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

The parties agree that respondent has the burden of showing that petitioner either received the notice of deficiency or otherwise had an opportunity to dispute the tax liability.

We now consider respondent's Motion for Summary Judgment.

Respondent argues that the notice of deficiency was sent to petitioner's last known address by certified mail and that petitioner refused to accept delivery for it at the United States Postal Service branch where it was held. As evidence of mailing and attempted delivery, respondent has produced a photocopy of the original notice of deficiency, including the envelope in which the notice was sent.

The envelope contains notations made by the United States Postal Service showing that its employees attempted delivery on no less than three separate occasions. Absent clear evidence to the contrary, United States Postal Service employees are presumed to properly discharge their official

duties, which justifies the conclusion that the notice of deficiency was sent and that attempts to deliver the notice were made in the manner contended by respondent. Sego v. Commissioner, 114 T.C. 604, 611 (2000).

The record in this case contains a copy of a notice of deficiency dated June 18, 2003, addressed to petitioner; a Form 3877 indicating that the notice was sent on the date it bears; and notations made by the United States Postal Service showing that it attempted delivery on 3 separate occasions over a 4-week span of time. Accordingly, we conclude that although petitioner did not accept delivery of the notice of deficiency, his failure to receive the notice actually stemmed from a deliberate effort to refuse such delivery in furtherance of his ill-conceived line of reasoning that he is exempt from any income tax liability. It is well settled that a notice of deficiency mailed to the taxpayer's last known address in accordance with the provisions of section 6212(b) is valid irrespective of whether or not the taxpayer actually received it. See Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Frieling v. Commissioner, 81 T.C. 42, 48 (1983); Zenco Engg. Corp. v. Commissioner, 75 T.C. 318, 321 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981).

We find that petitioner's conduct in this case

constituted a deliberate refusal of delivery and repudiation of his opportunity to contest the liability determined in the notice of deficiency. The provisions in section 6330(c)(2)(B) limiting in collection due process cases the right to contest the underlying tax liability are clearly designed to prevent the creation of a prepayment remedy in cases like this one. The validity of the underlying tax liability therefore cannot be properly raised by petition in this case.

We will not spend time discussing petitioner's Cross-Motion to Dismiss on the grounds that the Tax Court lacks jurisdiction "to address the particular notice of deficiency upon which this Docket is based." In his motion, petitioner continues on for pages making spurious and ridiculous arguments in support of his motion. We will not waste our time addressing them as they are meritless, timeworn protester arguments that have been rejected and discredited by this Court and the other Federal courts. For this reason, petitioner's motion will be denied.

Respondent's Motion for Summary Judgment filed on August 11, 2005, will be granted and respondent's administrative determination to proceed with collection against petitioner will be sustained. Petitioner's Motion to Dismiss filed on November 14, 2005, will be denied.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order and decision will be entered</u>.