T.C. Summary Opinion 2007-159

UNITED STATES TAX COURT

DIMITRIOS T. MANOUSOS AND ANNE M. MANOUSOS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22246-06S.                 Filed September 10, 2007.

Anne M. Manousos, pro se.

Aaron D. Gregory and Micah A. Levy, for respondent.

ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion For Summary Judgment, as supplemented. In his motion, respondent moves for a summary adjudication in his favor in this collection review case involving a proposed levy for 2002. For reasons discussed hereinafter, we shall grant respondent's motion.

## Background

At the time that the petition was filed, petitioner Dimitrios T. Manousos (Mr. Manousos) and petitioner Anne M. Manousos (Mrs. Manousos) resided in Virginia Beach, Virginia. We shall refer to Mr. and Mrs. Manousos collectively as petitioners.

Petitioners' Income Tax Liability for 2002

Petitioners timely filed a Federal income tax return for 2002. On their return, petitioners reported a tax liability, which they paid in full through a combination of withholding and a remittance enclosed with their return.[2]

Subsequently, respondent examined petitioners' return. By notice dated July 29, 2004, respondent determined a deficiency of

---

[2] On their return, petitioners claimed five exemptions ($15,000) and itemized their deductions on Schedule A, Itemized Deductions. Included among those deductions were State and local taxes in the amount of $5,570 and various miscellaneous deductions in the net amount of $17,074. See sec. 67, imposing a 2-percent floor on miscellaneous itemized deductions.

$2,636. The deficiency was attributable solely to the alternative minimum tax (AMT).[3]

Respondent mailed a notice of deficiency to Mr. Manousos and a duplicate original to Mrs. Manousos. Both documents were sent by certified mail, and each was mailed to petitioners' Joplin Lane address in Virginia Beach, Virginia. That address was at the time, and has remained through the present day, petitioners' mailing address.

Petitioners did not contest respondent's deficiency determination by filing a petition for redetermination with this Court. See sec. 6213(a). Accordingly, upon petitioners' default, respondent assessed the deficiency, together with statutory interest, on December 6, 2004. On that same date, respondent sent petitioners a statutory notice of balance due, i.e., notice and demand for payment. See sec. 6303(a). Petitioners did not pay the full amount due.

Final Notice of Intent To Levy

On March 18, 2006, respondent sent to petitioners a Final Notice/Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice). See sec. 6330(a). Respondent sent the

---

[3] In computing the AMT, no deduction is allowed for various deductions, specifically including: (1) State and local taxes otherwise deductible on a Schedule A; (2) itemized miscellaneous deductions; and (3) exemptions. See sec. 56(b)(1). Therefore, for AMT purposes, petitioners were deprived of deductions worth $37,644 that were otherwise allowable under the "regular", i.e., sec. 1, income tax.

final notice to petitioners in respect of their outstanding liability for 2002, which, at that time, was approximately $1,407 (without regard to statutory accruals of interest and penalty).

Administrative Developments

Petitioners timely filed with respondent a Form 12153, Request for a Collection Due Process Hearing.  In the Form 12153, petitioners focused only on the existence or amount of their underlying liability.

By letter dated August 16, 2006, respondent's settlement officer advised petitioners that, inter alia:

> For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below.  In addition, you must have filed all federal tax returns required to be filed.

The "items listed below" included a completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses) and signed income tax returns for 2003, 2004, and 2005.  Regarding the latter, the settlement officer stated that "Our records indicate they have not been filed".

The settlement officer subsequently conducted a telephonic conference with Mrs. Manousos.

Petitioners never submitted a Collection Information Statement or proposed a specific collection alternative, nor did petitioners file all of the requested returns during the time that their case was pending before respondent's Appeals Office.

Ultimately, on October 4, 2006, respondent's Appeals Office sent to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice of determination sustained the proposed levy.

The Attachment to the notice of determination, authored by the settlement officer, included the following statement:

> You stated that you were not interested in the setting up of a payment plan. It was explained to you that [a] payment [plan] could not be considered as you were not compliant in filing all your tax returns. You were still interested in the liability issue. The Settlement Officer explained that you had prior opportunity to question the liability issue and this could not be considered at the hearing.

Petitioners' Petition

On October 31, 2006, petitioners filed a petition with this Court, appealing from the October 4, 2006 notice of determination. The petition focuses solely on the existence or amount of petitioners' underlying liability for 2002.

Respondent's Motion For Summary Judgment

As previously stated, respondent filed a Motion For Summary Judgment, which motion was subsequently supplemented. In his motion, respondent relies on section 6330(c)(2)(B). In that regard, respondent states, in part, as follows:

> In both their CDP [Collection Due Process] hearing request and their petition, the petitioners challenged the underlying tax liability for the tax year 2002. Pursuant to section 6330(c)(2)(B), the petitioners cannot raise during the CDP hearing the existence or amount of the underlying tax liability if petitioners

received a statutory notice of deficiency for that tax liability.

* * * * * * *

The petitioners received a statutory notice of deficiency for the tax year 2002. * * * More specifically, as noted above, respondent properly mailed the statutory notice of deficiency to the petitioners' last known address on July 29, 2004. * * * Respondent is entitled to rely upon presumptions of official regularity and delivery where the record reflects proper mailing of the statutory notice of deficiency. * * * There is no evidence that the statutory notice of deficiency was returned to the Service, nor have the petitioners ever denied its receipt. Thus, the presumptions of official regularity and delivery have not been rebutted. * * * Accordingly, Settlement Officer Chapman properly determined that the petitioner[s] [were] precluded from disputing the underlying tax liability under section 6330(c)(2)(B).

Petitioners filed a Response to respondent's motion. In their Response, petitioners continue to focus on the underlying tax liability, but they do not deny receipt of the July 29, 2004 notice of deficiency.

Hearing on Respondent's Motion For Summary Judgment

Mrs. Manousos and counsel for respondent appeared at the hearing on respondent's Motion For Summary Judgment. At the hearing, Mrs. Manousos stated that petitioners were unable to specifically recall whether or not they had received the July 29, 2004 notice of deficiency.

## Discussion

### Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b).

After carefully reviewing the record, we are satisfied that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's Motion For Summary Judgment, as supplemented.

### Respondent's Proposed Levy

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c)

provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination.

In the present case, petitioners seek only to challenge the existence or amount of their underlying liability for 2002. However, petitioners are legally precluded from doing so if they received the July 29, 2004 notice of deficiency and chose not to contest respondent's determination by filing a petition for redetermination with this Court. Sec. 6330(c)(2)(B).

In this regard, there is nothing in the record to suggest that petitioners did not receive the July 29, 2004 notice of deficiency. Indeed, duplicate originals of the notice of deficiency were mailed to petitioners by certified mail at their last known address, which is also their current address. Respondent represents that there is nothing in his files to suggest that either of the notices was returned undelivered to respondent by the U.S. Postal Service. In addition, petitioners

have never denied receipt, see Rule 121(d), and Mrs. Manousos candidly admitted at the hearing that petitioners could not recall whether or not they had received the notice of deficiency.[4]  Moreover, other notices and letters, such as the final notice, the settlement officer's correspondence, and the notice of determination were all sent to petitioners at the same address as the notice of deficiency, and all such notices and letters were received by petitioners.

In Zenco Engg. Corp. v. Commissioner, 75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981), we held that "There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee."  Further, it is clear that in general, and in the absence of clear evidence to the contrary, compliance with certified mail procedures raises a presumption of official regularity in delivery and receipt with respect to notices sent by the Commissioner.  See United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781, 784-785 (8th Cir. 1976); Clough v. Commissioner, 119 T.C. 183, 187-188 (2002).

---

[4]  Respondent's Motion For Summary Judgment, and to a lesser extent the settlement officer's attachment to the notice of determination, make plain respondent's view that petitioners did, in fact, receive the July 29, 2004 notice of deficiency.  Thus, petitioners had every incentive to contest that matter if it were not factually accurate.

The foregoing presumptions, coupled with the factors previously discussed, oblige us to conclude that petitioners received the July 29, 2004 notice of deficiency.  As a consequence, section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their outstanding liability for 2002.  See Bailey v. Commissioner, T.C. Memo. 2005-241.

### Conclusion

Petitioners have failed to make a valid challenge to the appropriateness of respondent's intended collection action, offer an alternative means of collection, or raise a spousal defense. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the October 4, 2006 notice of determination.  Accordingly, we shall grant respondent's Motion For Summary Judgment, as supplemented, and thereby sustain the determination of the Appeals Office permitting respondent to proceed with collection for 2002.

To give effect to the foregoing,

An order granting respondent's Motion For Summary Judgment, as supplemented, and decision for respondent will be entered.