T.C. Memo. 2014-64

UNITED STATES TAX COURT

LESLIE TRUEX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21109-12L.            Filed April 9, 2014.

Leslie Truex, pro se.

<u>Skyler K. Bradbury</u> and <u>Charles B. Burnett</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>: This collection review matter is before the Court because

petitioner challenges respondent's determination notice sustaining a final notice of

[*2] intent to levy (proposed collection action). See sec. 6330(d)(1).[1] Respondent has filed a motion for summary judgment (motion). See Rule 121.

Petitioner did not respond to the motion despite our ordering him to do so. Nor did petitioner appear for calendar call or the scheduled hearing on the motion. We must therefore decide on a very limited record whether respondent abused his discretion in sustaining the proposed collection action. We hold he did not.

Background

We recite the uncontested facts in the petition, the motion and the exhibits attached to these documents. Petitioner resided in Utah when he filed the petition.

Petitioner failed to file a Federal income tax return for 2007, and respondent prepared a substitute for return for him. Petitioner failed to pay the tax shown on the substitute for return (2007 tax liability), and respondent prepared a deficiency notice for the 2007 tax liability. Respondent sent the deficiency notice to petitioner's last known (and current) address by certified mail. Petitioner did not file a petition with this Court to challenge the 2007 tax liability.

Respondent sent petitioner a notice and demand for payment of the 2007 tax liability. Petitioner returned the notice and demand to respondent with a

---

[1]All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] "Conditional Acceptance" attached.  The "Conditional Acceptance"

contained tax-protester arguments and directed respondent to prove, among many

other things, that petitioner signed away his sovereign rights and that U.S. dollars

are available to pay taxes.  Respondent would be placed "in dishonor" if

respondent failed to provide these "proofs of claim."  Respondent would also be

obligated to return all funds that he had collected from petitioner over petitioner's

lifetime.

Petitioner sent another letter to respondent in an attempt to explain why he

was not "legally required to file a 1040."  The gist of his argument this time was

that he was not a Federal Government employee and therefore he was not subject

to the Federal income tax.[2]

Respondent mailed a levy notice to petitioner for the 2007 tax liability, and

petitioner timely filed a request for a collection hearing.  Petitioner requested a

face-to-face hearing, which he asked to audio record.  Petitioner also raised

several issues relating to the 2007 tax liability.  In particular, petitioner wanted to

---

[2]Petitioner also requested that respondent send him two letters.  The first letter was to state that an employer must hire a person even if that person refuses to provide his Social Security number.  The second letter was to state that a bank must give a person a non-interest-bearing account even if that person refuses to provide his Social Security number.

[*4] verify that respondent had followed all required procedures, to contest the 2007 tax liability and associated penalties and to discuss collection alternatives.

Respondent assigned Settlement Officer Tittle (SO Tittle) to conduct the collection hearing. SO Tittle had no previous involvement with the 2007 tax liability. SO Tittle scheduled a telephone collection hearing. SO Tittle requested that petitioner call her at the scheduled time because petitioner had failed to include a telephone number on his collection hearing request. SO Tittle also informed petitioner that he could submit a Federal income tax return for 2007 to replace the substitute for return respondent had prepared. SO Tittle requested that petitioner provide her with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and his 2009 and 2010 Federal income tax returns because he had yet to file them.

Petitioner did not call SO Tittle at the time or on the date scheduled for the collection hearing. Petitioner also failed to submit his financial information or his 2009 and 2010 Federal income tax returns. SO Tittle sent petitioner a letter to reschedule the collection hearing and again asked petitioner to provide documentation of his financial information and copies of his 2009 and 2010 Federal income tax returns.

**[*5]** Petitioner sent SO Tittle a letter explaining that the time and date originally scheduled for the collection hearing were not convenient for him. Petitioner asked to be allowed to address some issues before the hearing was next scheduled. Petitioner claimed that he had not received the deficiency notice and asked SO Tittle to send him the rules and procedures that govern collection hearings. Petitioner also questioned why SO Tittle wanted to see his 2009 and 2010 Federal income tax returns.

Shortly thereafter petitioner sent SO Tittle another letter. This time, petitioner asked why he was being denied a face-to-face hearing. Petitioner also again protested that he had not received the deficiency notice.

SO Tittle sent petitioner a letter explaining that the collection hearing would be conducted through correspondence. SO Tittle explained that petitioner was not entitled to a face-to-face hearing because he had failed to file Federal income tax returns for 2009 and 2010 or to provide documentation of his financial information as SO Tittle had requested. SO Tittle provided petitioner with a copy of the deficiency notice. She told petitioner that he had missed his opportunity to contest the 2007 tax liability.

[*6] Petitioner sent another letter to SO Tittle. Petitioner again raised the issues that he had raised in his previous correspondence with SO Tittle. And petitioner again failed to provide any of the documents SO Tittle had requested.

SO Tittle then issued a determination sustaining the proposed collection action. In doing so SO Tittle verified that respondent had satisfied all applicable legal and administrative requirements, considered all relevant issues petitioner had raised, and balanced the intrusiveness of the proposed collection actions against the need for effective tax collection. Petitioner timely filed the petition.

## Discussion

Petitioner comes before us in defiance of respondent's authority to collect tax on money petitioner earned. We must decide whether to grant summary judgment so that respondent can collect the tax petitioner does not want to pay. We begin with our summary judgment standard. We then discuss collection actions generally and explain why we will grant summary judgment here. We finish with a warning to petitioner that he is at serious risk of our imposing a penalty against him for instituting proceedings in this Court as a protest against the Federal income tax system.

**[\*7]** A.  <u>Summary Judgment Standard</u>

We first discuss our summary judgment standard.  A motion for summary judgment will be granted if the pleadings and other acceptable materials, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  <u>See</u> Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002).  The moving party has the burden of proving that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law.  <u>See, e.g.</u>, <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 162 (2002).  The party opposing summary judgment must set forth specific facts showing that there is a genuine dispute for trial and may not rely merely on allegations or denials in the pleadings.  Rule 121(d); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

Respondent supports the motion with the pleadings, SO Tittle's declaration, and various exhibits from the collection hearing.  Petitioner has failed to respond to the motion and has therefore raised no genuine dispute as to any material fact.  Accordingly, this case is ripe for summary judgment.  <u>Cf., e.g.</u>, <u>Venhuizen v. Commissioner</u>, T.C. Memo. 2012-270.

**[*8]** B.  <u>Collection Actions Generally</u>

We now turn to collection actions generally.  The Commissioner is authorized to collect an unpaid Federal tax liability by levy.  Sec. 6331.  The Commissioner must inform a taxpayer of the taxpayer's right to a collection hearing before he can levy upon the taxpayer's property or rights to property.  Sec. 6330(a).  The collection hearing is held with an officer within the Commissioner's Office of Appeals (Appeals officer).  Sec 6330(b).

An Appeals officer must heed certain considerations in determining whether to sustain a proposed collection action.  Sec. 6330(c).  Namely, the Appeals officer must verify the Commissioner has satisfied all applicable legal and administrative requirements, consider all relevant issues that a taxpayer raises and balance the intrusiveness of a collection action against the need for effective tax collection. <u>Id.</u>  A taxpayer must provide all relevant information the Appeals officer requests for consideration of the facts and issues involved in the collection hearing.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

We have jurisdiction to review a determination made by an Appeals officer in a collection hearing.  Sec. 6330(d)(1).  We generally review the Appeals officer's determination for abuse of discretion.  <u>See</u> <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  We

**[\*9]** review a determination de novo, however, where a taxpayer has not received a deficiency notice or has not otherwise had the opportunity to challenge the tax assessed and the validity of the underlying tax liabilities is properly at issue. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

Petitioner contends he did not receive the deficiency notice and that he has not otherwise had an opportunity to challenge the 2007 tax liability. Respondent maintains that petitioner received a deficiency notice but failed to use the opportunity to challenge the 2007 tax liability. If petitioner is correct, we review SO Tittle's determination concerning the 2007 tax liability de novo. If respondent is correct, we review this determination for abuse of discretion.

We find that petitioner received the deficiency notice under the presumption of regularity, delivery and receipt. There is a strong presumption in the law that a properly addressed letter will be delivered, or will be offered for delivery, to the addressee. Bailey v. Commissioner, T.C. Memo. 2005-241 (citing Zenco Engg. Corp. v. Commissioner, 75 T.C. 318, 323 (1980), aff'd without published opinion, 673 F.2d 1332 (7th Cir. 1981)). Proper mailing of a deficiency notice places the risk of non-delivery on the taxpayer. See id.

[*10] Respondent placed the deficiency notice and the signed and stamped certified mailing list into the record. Respondent provided additional evidence that the deficiency notice was actually delivered to petitioner's address on December 2, 2010. Petitioner, in stark contrast, merely alleges that he did not receive the deficiency notice.[3] Petitioner's bare allegations are not credible evidence and do not rebut the presumption of delivery. We therefore find that petitioner received the deficiency notice. Accordingly, we review SO Tittle's determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

C. Proposed Collection Action

We now explain why respondent did not abuse his discretion in sustaining the proposed collection action.

The parties first disagree on whether respondent met all applicable legal and administrative requirements during the collection hearing.[4] Petitioner argues that respondent did not meet all applicable requirements but offers no specific facts to

---

[3]We note that petitioner repeats this allegation in his several letters to SO Tittle using the same stock language.

[4]We draw petitioner's assertions from his petition because he failed to respond to the motion or to appear at calendar call or the scheduled hearing on the motion.

[*11] support his assertion and relies solely on the allegations in the petition. Respondent, in contrast, offers SO Tittle's affidavit and its supporting documents as evidence that he did meet all applicable requirements. Respondent has proven there is no genuine dispute of material fact, and petitioner has not offered any specific facts indicating otherwise. See Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. at 322. Accordingly, petitioner's assertion lacks merit.

The parties next disagree on whether SO Tittle abused her discretion when she denied petitioner a face-to-face collection hearing. Petitioner asserts that he had a right to a face-to-face collection hearing while respondent maintains that petitioner did not have such a right. We agree with respondent.

We have held repeatedly that a collection hearing is an informal proceeding --not a formal adjudication--and that a face-to-face hearing is not mandatory. See Rivas v. Commissioner, T.C. Memo. 2012-20 (citing Katz v. Commissioner, 115 T.C. 329, 337 (2000)). A collection hearing may include a face-to-face meeting, a telephone conference or one or more written communications between a taxpayer and an Appeals officer. See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Furthermore, we have held that there is generally no abuse of discretion when the Commissioner denies a face-to-face hearing request because a taxpayer fails to present non-frivolous arguments, file past-due returns and submit current

[*12] financial information as prerequisites to the consideration of collection alternatives. See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010). Accordingly, petitioner's assertion lacks merit.

The parties next disagree on whether the collection hearing was impartial.[5] Petitioner asserts that the collection hearing was partial. The Appeals officer conducting a collection hearing must be impartial. Sec. 6330(b)(3). Specifically, the Appeals officer must not have had any prior involvement with the particular tax liability the Commissioner is trying to collect. Id. SO Tittle stated in her affidavit that she had no prior involvement with petitioner's case concerning the 2007 tax liability. The remainder of the record also reflects that SO Tittle was not previously involved with petitioner's collection action. Petitioner has failed to provide any support for his assertion. Accordingly, petitioner's assertion lacks merit.

The parties next disagree on whether petitioner was entitled to audio record the collection hearing. Respondent argues that petitioner was not entitled to audio

---

[5]Petitioner actually stated in the petition the collection hearing was impartial, and respondent agreed with this apparent misstatement. It is evident to us, as it should have been to respondent, that this pro se petitioner had intended to argue that the collection hearing was partial.

[*13] record the collection hearing because it was not a face-to-face hearing. We agree. See Calafati v. Commissioner, 127 T.C. 219, 228 (2006) (noting that this Court has never held that taxpayers are entitled to audio record anything other than a face-to-face meeting). Accordingly, petitioner's argument lacks merit.

The parties next disagree on whether petitioner was entitled to challenge the 2007 tax liability.[6] Petitioner asserts it was an abuse of discretion for SO Tittle to not allow him to dispute the 2007 tax liability. We have found that petitioner received the deficiency notice and had an opportunity to challenge the 2007 tax liability at that time. He therefore could not challenge the 2007 tax liability during the collection hearing. See sec. 6330(c)(2)(B). Accordingly, petitioner's assertion lacks merit.

We now take this opportunity to warn petitioner that he is at serious risk of our imposing a penalty against him if he continues to institute proceedings in this Court as a protest against the Federal income tax system. This Court is authorized to require a taxpayer to pay to the United States a penalty up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous

---

[6]Petitioner makes several other arguments that we will not address because they appear to derive from the tax-protester material he had previously submitted to respondent.

[*14] or groundless.  See sec. 6673(a)(1)(A) and (B); see, e.g., Wnuck v. Commissioner, 136 T.C. 498, 513-514 (2011).

When the Court has been faced with meritless arguments that waste the Court's and the Commissioner's limited time and resources, we have consistently found that the taxpayer deserves a penalty under section 6673(a)(1) and that penalty should be substantial if it is to have the desired deterrent effect.  See Talmage v. Commissioner, T.C. Memo. 1996-114, aff'd without published opinion, 101 F.3d 695 (4th Cir. 1996).  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles.  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Grasselli v. Commissioner, T.C. Memo. 1994-581.

D.  Conclusion

Petitioner did not raise any meritorious challenges to the determination to sustain the proposed collection action.  Nor did petitioner otherwise set forth specific facts to show there is a genuine dispute for trial or make persuasive arguments that would convince us that SO Tittle acted in a manner that was arbitrary, capricious or without sound basis in fact or law.

The record reflects that SO Tittle verified that respondent had satisfied all applicable legal and administrative requirements, considered all relevant issues

**[\*15]** petitioner raised, and balanced the intrusiveness of the proposed collection action against the need for effective tax collection. <u>See</u> sec. 6330(c). We therefore conclude SO Tittle did not abuse her discretion by sustaining the proposed collection action, and we will grant respondent's motion for summary judgment.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered for</u>
<u>respondent</u>.