T.C. Memo. 2005-230

UNITED STATES TAX COURT

E. NEAL FIGLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16621-02L.          Filed October 3, 2005.

E. Neal Figler, pro se.

<u>John Aletta</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent issued petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 (notice of determination).  In response to the notice
of determination, petitioner timely filed a petition pursuant to
section 6330(d).  The issue we must decide is whether respondent
may proceed with the collection of petitioner's tax liabilities

in issue.  All section references are to the Internal Revenue Code, as amended.

## Background

At the time of filing the petition in the instant case, petitioner resided in Madison, Connecticut.

Petitioner filed his 1994 and 1995 income tax returns on October 16 and November 1, 1996, respectively.  During 1998 and 1999, respondent, with petitioner's knowledge, audited petitioner's tax returns for the 1994 and 1995 taxable years.  On August 11, 1999, respondent sent petitioner via certified mail a notice of deficiency addressed to petitioner at his last known address, 328 County Road, Madison, CT 06443-1640, determining petitioner owed income tax deficiencies of $15,563.31 and $6,524.30, additions to tax under section 6651(a)(1) of $3,820.53 and $1,525.33, and penalties under section 6662 of $3,112.66 and $1,304.86 for taxable years 1994 and 1995, respectively.

Petitioner did not respond to the notice of deficiency by petitioning the Tax Court within 90 days from August 11, 1999. On January 3, 2000, respondent assessed the income tax deficiencies, additions to tax, and penalties for the taxable years 1994 and 1995 reflected in the notice of deficiency.  On the same day, respondent's Andover Service Center sent petitioner a letter requesting that petitioner pay the assessed deficiencies and additions to tax for the 1994 and 1995 taxable years.

On March 11, 2001, respondent mailed petitioner IRS Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, stating that respondent intended to levy upon petitioner's assets to collect petitioner's 1994 and 1995 tax liabilities. On March 29, 2001, petitioner filed Form 12153, Request for a Due Process Hearing, at the Andover Internal Revenue Service Center. In his request, petitioner alleged: (1) Respondent had not sent petitioner a notice of deficiency via certified or registered mail before the expiration of the 3-year period of limitations; (2) petitioner had not received notice of his rights as required by law; (3) petitioner had not been given an opportunity to appeal the assessed deficiency; and (4) respondent had no proof that petitioner received the notice of deficiency.

On June 27, 2002, respondent's Settlement Officers Charlette Jacobi and Howard Smith held a hearing which petitioner attended. At the hearing petitioner claimed that he never received a notice of deficiency and that the assessments, therefore, were not valid. Petitioner did not submit any documents at the hearing and offered no collection alternatives to respondent for collecting the subject tax liabilities.

Settlement Officer Jacobi examined respondent's computer records and audit files and determined that the assessments of petitioner's 1994 and 1995 tax liabilities were timely and valid.

Settlement Officer Jacobi also determined that respondent timely and properly mailed the notice of deficiency to petitioner at his last known address and that petitioner failed to timely petition the Tax Court.

Regarding petitioner's claim that respondent failed to mail petitioner a notice of deficiency, Settlement Officer Jacobi determined the following:  (1) Petitioner's 1994 and 1995 audit files contained a copy of the notice of deficiency dated August 11, 1999, addressed to petitioner at his last known address, 328 County Road, Madison, CT 06443-1640, and stamped "certified mail"; (2) U.S. Postal Form 3877 reflected that, on August 11, 1999, respondent had delivered the notice of deficiency to the post office for delivery to petitioner; (3) the certified mail number on the notice of deficiency and the article number on the Form 3877 next to petitioner's name were the same number; and (4) the notice of deficiency had not been returned to respondent.

On September 26, 2002, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice set forth the actions taken by Settlement Officer Jacobi, addressed the issues raised by petitioner, and determined that respondent's proposed levy action to collect petitioner's assessed tax liabilities for the 1994 and 1995 taxable years should be upheld.  The notice of determination also determined that petitioner did not propose any collection

alternatives to the proposed levy and respondent was therefore entitled to collect the tax by levying upon petitioner's assets.

On October 24, 2002, petitioner filed a petition with the Tax Court disagreeing with the September 26, 2002, notice of determination.

## Discussion

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before the Appeals Office. Section 6330(c)(1) provides that the Appeals Officer must verify at the hearing that the applicable laws and administrative procedures have been followed. At the hearing, the person may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however, only if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at

issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Petitioner contends that: (1) The period of limitations on assessment has expired because respondent did not properly mail the notice of deficiency to him within the 3-year period of limitations; (2) petitioner did not receive notice of his rights as required by law; and (3) petitioner was not given an opportunity to appeal the assessed deficiencies.

At the outset, we note that section 6212(b)(1)[1] does not require actual receipt by a taxpayer of the notice of deficiency. We have held that Form 3877 is direct evidence of both the fact and the date of mailing. See <u>Magazine v. Commissioner</u>, 89 T.C. 321, 327 n.8 (1987) (stating that Form 3877 is often the only direct evidence of mailing a notice of deficiency). In the absence of contrary evidence, Form 3877 is sufficient to establish that the notice was properly sent to the taxpayer.

---

[1]Sec. 6212(a) provides: "If the Secretary determines that there is a deficiency in respect of any tax * * *, he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail." "[A] notice of a deficiency in respect of a tax imposed * * *, if <u>mailed</u> to the taxpayer at his last known address * * *, <u>shall be sufficient</u>". Sec. 6212(b)(1) (emphasis added). Pursuant to sec. 6212(b)(1), a notice of deficiency sent by certified mail to the taxpayer at his last known address is valid and sufficient whether or not it is actually received. <u>United States v. Ahrens</u>, 530 F.2d 781, 785 (8th Cir. 1976).

United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976); Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974).  Moreover, "There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee."  Zenco Engg. Corp. v. Commissioner, 75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); see also Sego v. Commissioner, supra at 611 (holding that "In the absence of clear evidence to the contrary, the presumptions of official regularity and of delivery justify the conclusion that the statutory notice was sent and that attempts to deliver were made in the manner contended by respondent.").  The effect of proper mailing is to place the risk of nondelivery on the taxpayer.  Trimble v. Commissioner, T.C. Memo. 1989-419; Barrash v. Commissioner, T.C. Memo. 1987-592, affd. 862 F.2d 872 (5th Cir. 1988).

Petitioner contends that he never received the notice of deficiency and that respondent has no proof that petitioner received a notice of deficiency.  The notice of deficiency is dated August 11, 1999, and is addressed to E. Neal Figler at 328 County Road, Madison, CT 06443.[2]  The Form 3877 bears that name and address, is initialed by Pam Butler, respondent's notice of

---

[2] Petitioner did not dispute that this address was his last known address.

deficiency clerk, and is stamped by the U.S. Postal Service August 11, 1999. At trial, Pam Butler, respondent's clerk who delivered the notice of deficiency to the post office, corroborated the information on the Form 3877. The information was also corroborated by John Bohan, respondent's revenue agent reviewer, with 32 years of experience in issuing notices of deficiency, and Dwight Davies, a Postal Service employee with 28 years of experience in handling certified mail and Forms 3877. They testified that certified mail would be returned to respondent if it was not received by the addressee. Diana Calverley, respondent's revenue agent, also testified that, on a previous occasion, petitioner had refused to accept certified mail from respondent. That occasion related to an IRS summons that had been issued to petitioner's bank for matters concerning the taxable years involved in the instant case, a copy of which respondent had mailed to petitioner, via certified mail, return receipt requested, at his last known address; i.e., 328 County Road, Madison, CT 06443. Petitioner was aware that he was being audited at the time of the summons and failed to claim the copy mailed to him. Eventually, the copy of the summons and the envelope containing it were returned to respondent with an indication on the envelope that the post office had notified petitioner three times of the attempt to deliver the item, but that petitioner failed to claim it.

Petitioner struggles to convince us by raising meritless arguments that respondent did not properly mail, and petitioner did not receive, the notice of deficiency.  Petitioner argues, among other things, that there <u>could</u> have been a mistake because Pam Butler, respondent's clerk who mailed the notice of deficiency, did not place a check mark next to each name on Form 3877, despite testimony from John Bohan and Pam Butler that the notice of deficiency and the mailing labels were double checked before the Form 3877 was generated and from Dwight Davies that the post office checks the article numbers on the pieces of certified mail against the article numbers listed on Form 3877. Petitioner also argues that respondent's settlement officers deliberately withheld, refused to look for, or destroyed exculpatory evidence because they were afraid of losing their jobs and perjured themselves to "cover up that fact." Specifically, petitioner asserts that respondent's settlement officers did not obtain evidence of a certified mail signed receipt.  We find petitioner's arguments lacking in merit.

Other than his self-serving testimony that he never received the notice of deficiency, petitioner has not produced sufficient credible evidence to overcome the strong presumption of proper mailing and delivery in the instant case.  See <u>Sego v. Commissioner</u>, <u>supra</u> at 611; see also <u>Zenco Engg. Corp. v. Commissioner</u>, <u>supra</u> at 323 (stating "tax cases could all become

farcical swearing contests, with impermissibly high rewards for false testimony, if we awarded unconditional relief to every taxpayer who was willing to testify that he had not received the notice of deficiency"). Petitioner's testimony in the instant case was unreliable and improbable. We also take note of respondent's evidence that, in a divorce proceeding in a superior court in New Haven, Connecticut, the court determined that petitioner's "testimony was consistently not worthy of belief," that "he was not truthful about his income," and that "he lied about his income and personal expenses."

The preponderance of the evidence shows that the statutory notice of deficiency was duly mailed to petitioner at his last known address and that petitioner failed to petition this Court within 90 days of the mailing of the notice of deficiency as required by section 6213(a).[3]

---

[3] Even if we were to conclude that petitioner did not receive a notice of deficiency or otherwise did not have an opportunity to dispute the underlying tax liabilities as provided by sec. 6330(c)(2)(B), we would hold, on the basis of the evidence in the record, that respondent properly mailed the notice of deficiency to petitioner for purposes of sec. 6212 and that the period of limitations had not run on the assessment of the liabilities in issue.

Pursuant to sec. 6503(a), the period of limitations on assessment is suspended during the 90-day period following the mailing of a notice of deficiency, until the decision of the Tax Court becomes final, if the taxpayer petitions the Tax Court during the 90-day period, and for 60 days thereafter. Petitioner filed his 1994 and 1995 Federal income tax returns on Oct. 16 and Nov. 1, 1996, respectively. On Aug. 11, 1999, respondent

(continued...)

The record establishes that the Appeals Office properly verified that all applicable laws and administrative procedures were followed. Settlement Officer Jacobi had no prior involvement with respect to the unpaid tax liabilities before the section 6330 hearing. Settlement Officer Jacobi determined that the assessments were both timely and valid by examining: Respondent's computerized records and audit files; petitioner's 1994 and 1995 tax returns; a copy of the notice of deficiency mailed to petitioner; and Form 3877 showing the date the notice of deficiency was mailed to petitioner at his last known address. Settlement Officer Jacobi also determined that petitioner had received notice of his rights as a taxpayer through various IRS publications sent with the notice of deficiency including IRS Publications 1, 5, 594, and IRS Notice 1214 (listing the name and phone number of the local Taxpayer Advocate Service office), and that petitioner failed to timely petition the Tax Court to contest the notice of deficiency. Finally, petitioner did not

---

3(...continued)
properly mailed a notice of deficiency to petitioner at his last known address. Petitioner failed to petition the Tax Court within 90 days as required by sec. 6213(a). On Jan. 3, 2000, respondent assessed against petitioner the income tax deficiencies, additions to tax, and penalties for the taxable years 1994 and 1995 reflected in the notice of deficiency mailed to petitioner on Aug. 11, 1999. Because the limitations period under sec. 6503(a) was tolled, respondent assessed the liabilities well within the limitations period.

offer any collection alternatives.  Accordingly, we find no abuse of discretion in respondent's determination.  We have considered all of petitioner's arguments, and, to the extent that we have not addressed them in this opinion, we conclude they are without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.