T.C. Summary Opinion 2007-157

UNITED STATES TAX COURT

JEFFREY SANDOR ORLING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11456-06S.               Filed September 6, 2007.

Jeffrey Sandor Orling, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

GOEKE, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code.  Unless
otherwise indicated all section references are to the Internal
Revenue Code in effect when the petition was filed, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. This case results from a timely petition of respondent's notice of determination sustaining respondent's intent to levy regarding petitioner's income tax liability for 2002. Because we determine that petitioner may not raise the underlying tax liability in this proceeding, we find no abuse of discretion in respondent's determination, and we shall grant respondent's motion for summary judgment.

## Background

On March 31, 2003, respondent issued a notice of deficiency to petitioner for the taxable year ended December 31, 2002. Respondent determined a deficiency of $12,758, which was based on the disallowance of certain deductions claimed on Schedule C, Profit or Loss From Business, and itemized deductions claimed on Schedule A, Itemized Deductions. A petition to this Court was not filed in response to this notice of deficiency.

Petitioner gave conflicting testimony relative to the receipt of the notice of deficiency, which was mailed to petitioner's address, the same address at which he currently resides. Initially, petitioner admitted receiving the notice of deficiency. Later, he testified he could not remember whether he

received it, but he acknowledged receipt of other documents mailed by respondent.

Respondent submitted a United States Postal Service (USPS) Track and Confirm document verifying delivery of a postal package to petitioner's address on April 5, 2005. Respondent maintains the notice of deficiency was enclosed in this package. The actual receipt received upon delivery of the notice of deficiency was no longer available in the records of the USPS.

Following the issuance of the notice of deficiency, respondent began efforts to collect the liability for 2002. These actions culminated in the issuance by respondent of a Final Notice of Intent to Levy and Notice of Your Right to a Hearing on February 22, 2006. Petitioner timely filed a Form 12153, Request For A Collection Due Process Hearing, and subsequently had a telephone conversation with the Appeals officer assigned by respondent. Respondent alleges that during this discussion petitioner refused to address anything other than the underlying liability for 2002. Petitioner did not submit any alternative payment options to respondent's Appeals officer.

On June 8, 2006, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) relating to 2002 (notice of determination) sustaining the proposed intent to levy. A timely petition for a review of the determination was filed in this Court.

A hearing was conducted on respondent's Motion for Summary Judgment on April 30, 2007, at which time the testimony of petitioner and exhibits were received into the record. Respondent's motion was also supported by an affidavit with attached exhibits.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented if the acceptable materials available show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of establishing that there is no genuine issue of material fact, and any factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812 (1985). The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d).

Under section 6330(a), the Secretary is required to notify a person upon whose property respondent intends to levy that the person has a right to a hearing. If a timely request for hearing is made, a hearing shall be held before an impartial officer or

employee of respondent's Appeals Office. Sec. 6330(b). At the hearing, a taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may challenge the existence or amount of the underlying tax liability, however, only if the taxpayer failed to receive a statutory notice of deficiency for such tax liability or did not otherwise have an earlier opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).

Section 6330(d)(1)(A) grants this Court jurisdiction to review the Appeals officer's determination. Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner maintains that he is not precluded from contesting the underlying liability for 2002 because he did not receive the notice of deficiency. Petitioner was given an opportunity to testify at the hearing and to produce any other evidence he had to support his allegation. Petitioner's testimony and the documents he provided do not create a genuine factual issue regarding his receipt of the notice of deficiency. Petitioner offers only his testimony that he never received the notice of deficiency, about which he himself gave conflicting testimony. Petitioner simply has not provided credible factual

assertions to overcome the strong presumption of proper mailing and delivery in the instant case. <u>Figler v. Commissioner</u>, T.C. Memo. 2005-230. Accordingly, petitioner failed to establish that there is a genuine issue of material fact in this case.

Petitioner also did not offer any factual information to rebut respondent's position that petitioner raised only the liability issue before the Appeals officer. Based upon the petition and petitioner's testimony, we find that such is the only issue in this case. Because petitioner cannot raise the underlying liability for 2002 in this proceeding, we sustain respondent's determination and shall grant respondent's Motion for Summary Judgment.

To reflect the foregoing,

<u>An order and decision</u> <u>will be entered</u>.