BEVERLY H. KONN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Konn v. Comm'r
Docket No. 5050-09L
United States Tax Court
2010 U.S. Tax Ct. LEXIS 58; 2012-2 U.S. Tax Cas. (CCH) P50,445; September 29, 2010, Entered
*58 For Respondent: Rachael J. Zepeda, Phoenix, AZ.
Elizabeth C. Paris, Judge.
Elizabeth C. Paris
ORDER AND DECISION
Petitioner filed a motion for summary judgment under Rule 121,[1] requesting that the Court grant her request to dismiss the levy assessed by respondent for her delinquent taxes for tax year 2004. Respondent filed a cross motion for summary judgment asking the Court to find that his determination to sustain the levy assessment was not an abuse of discretion as a matter of law. Based on the following, the Court denies petitioner's motion and grants respondent's motion.
Background
The record establishes and/or the parties do not dispute the following.
Petitioner failed to file a Federal income tax return for tax year 2004. On July 23, 2007, respondent sent petitioner a letter indicating that, because he had not received petitioner's 2004 tax return, he prepared a substitute tax return under section 6020(b) for her 2004 tax year. Based off of that tax return, respondent sent a notice of deficiency for tax *59 year 2004 via certified mail to petitioner's last known address in Arizona on September 4, 2007. Petitioner neither contacted respondent to request a CDP hearing nor filed a petition in this Court to dispute the alleged tax deficiency at that time.
On February 18, 2008, respondent assessed a deficiency in the amount of $48,499, a section 6651(a)(1) addition to tax of $10,912 for failure to file, a section 6651 (a) (2) addition to tax of $8,487.32 for failure to pay taxes, a section 6654 addition to tax for failure to pay estimated tax of $1,407.78, and sent a notice and demand for payment to petitioner at the same address.
On June 2, 2008, respondent sent a notice of intent to levy for tax year 2004 to petitioner's same address. Petitioner then filed a timely request with respondent for a collection due process (CDP) hearing on July 1, 2008, where she requested a face-to-face hearing.
On October 15, 2008, a settlement officer (SO) sent to petitioner a letter informing her of a scheduled telephonic CDP hearing on November 18, 2008. In that letter, petitioner was advised that she might not be able to dispute her underlying liability if she had received a notice of deficiency for tax year *60 2004. Petitioner was also advised that she would be allowed a face-to-face hearing only if she provided to respondent in writing the nonfrivolous, substantive issues that she would like to be considered. Petitioner was informed that, to have a face-to-face hearing, she must also qualify for collection alternatives by filing her tax returns for tax years 2006 and 2007 and submitting a Form 433-A, Collection Information Statement.
Petitioner neither filed her delinquent tax returns nor provided collection information, and her request for a face-to-face hearing was denied. Petitioner declined to participate in the telephonic hearing as she insisted on a face-to-face hearing. When respondent inquired what petitioner would offer as substantive evidence during a face-to-face hearing, petitioner offered no substantive arguments regarding her underlying tax liability. Consequently, respondent sent to petitioner a notice of determination sustaining the assessed levy on February 3, 2009. Petitioner, still residing at the same address in Marana, Arizona, then timely filed a petition with this Court, Subsequently, respondent provided petitioner with a statement of income tax changes showing how *61 her 2004 income tax was computed and provided her another opportunity to file a completed 2004 tax return to determine whether all or a portion of the tax liability could be abated. While petitioner did not submit a tax return, she did submit some information to respondent. However, the information petitioner submitted was insufficient to allow respondent to change the assessed tax liability.
Petitioner argues respondent abused his discretion by (1) denying her a face-to-face hearing and (2) denying petitioner the opportunity to challenge the underlying tax liability for tax year 2004. Petitioner has filed a motion for summary judgment and respondent countered by filing a cross motion for summary judgment.
Discussion
Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp, v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment only if there are no genuine issues of material fact. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).
The moving party must prove that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. See FPL Group, Inc. & Subs, v. Commissioner, 115 T.C. 554 (2000); *62 Bond v. Commissioner, 100 T.C. 32, 36 (1993); Naftel v. Commissioner, supra.In deciding whether to grant summary judgment, the Court considers the facts, and any inferences drawn from the facts, in the light most favorable to the nonmoving party. See id.
Both petitioner and respondent have moved for summary judgment. Because neither party contends that there are any genuine issues of material fact, the Court must evaluate which party is entitled to summary judgment as a matter of law.
Under section 6331, if any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property belonging to such person or on which there is a lien provided for such payment of tax. A taxpayer may appeal the filing of a notice of tax levy to the Internal Revenue Service under section 6330 by requesting an administrative hearing. The taxpayer is additionally afforded the opportunity for judicial review in the Tax Court pursuant to section 6330(d). Petitioner seeks review of respondent's determination. Where the validity of the underlying tax liability is properly *63 at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C 35, 39 (2000). Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).
The Court here must review this case for an abuse of discretion. The Court has described the standard by which respondent's determinations in CDP cases are reviewed for an "abuse of discretion," meaning "arbitrary, capricious, clearly unlawful, or without sound basis in fact or law." Ewing v. Commissioner, 122 T.C. 32, 39 (2004), revd. on other grounds, 439 F.3d 1009 (9th Cir. 2006); see also Woodral v. Commissioner, 112 T.C. 19, 23 (1999). In seeking judicial review of a notice of determination, the taxpayer can only ask the Court to consider an issue that was properly raised in the CDP hearing. Treas. Reg. § 301.6320-1 (f) (2), Q & A.F3. An issue is not properly raised if the taxpayer fails to present appeals any evidence with respect to that issue after being given a reasonable opportunity to do so. Id.
Challenging the Underlying Liabilities
Section 6330(c)(2)(B) *64 provides that at a CDP hearing, a person may only challenge the existence and amount of the underlying tax liabilities if (1) they did not receive a statutory notice of deficiency for that tax year or (2) they did not otherwise have an opportunity to contest it. Sec. 6330(c)(2)(B). Following the CDP hearing, IRS appeals must issue a notice of determination to the taxpayers indicating whether the proposed levy action may proceed. Marlow v. Commissioner, T.C. Memo 2010-113. Before issuing the notice, IRS appeals must verify that all applicable legal and administrative requirements have been met and consider all issues properly raised by the taxpayers. Sec. 6330(c)(1) and (3).
The receipt of a notice of deficiency is presumed unless the petitioner can prove to the contrary. "There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee." Bailey v. Commissioner, T.C. Memo 2005-241 (citing Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981)); Sego v. Commissioner, 114 T.C. 604, 611 (2000). The production of a "certified mail list recording *65 that a notice of deficiency was sent by certified mail creates a strong presumption that the notice was mailed and that it was delivered or offered for delivery at the address to which it was sent." Casey v. Commissioner, T.C. Memo 2009-131. "In the absence of clear evidence to the contrary, receipt of the notice of deficiency will be presumed". Id. A taxpayer's self-serving claim that a notice of deficiency was not received, standing alone, generally is not sufficient to rebut the presumption of official regularity. Sego v. Commissioner, supra at 611; Figler v. Commissioner, T.C. Memo 2005-230. Providing no evidence to show that she did not receive proper notice, petitioner failed to prove that she did not receive that notice The Court must presume that the notice was sent to the proper address based on the evidence respondent provided.[2] *66 Therefore, the Court finds that petitioner received a notice of deficiency for tax year 2004.
Petitioner was provided numerous opportunities to challenge her underlying tax liability for the tax year 2004. A telephonic due process hearing constitutes a prior opportunity to challenge the underlying tax liability within the meaning of section 6330. Living Care of Utica, Inc. v. United States, 411 F.3d 621, 624 (6th Cir. 2005). Respondent sent to petitioner a letter which scheduled a November 18, 2008, telephonic CDP hearing and enumerated the requirements for petitioner to qualify for a face-to-face hearing. Petitioner, insisting on a face-to-face hearing, chose not to attend the telephonic CDP hearing. This, however, was not petitioner's only option to challenge the underlying tax liability. Petitioner could have filed a petition with the Tax Court when she received the notice of deficiency, filed the appropriate tax returns and Form 433-A to qualify for collection alternatives which would have made her eligible for a face-to-face hearing, or filed the correct income tax information with respondent *67 to support her underlying tax positions for tax year 2004 after she filed her petition.[3] Accordingly, this Court finds that petitioner was given the opportunity to challenge the underlying tax liability.
Face-to-Face Hearing
A taxpayer has no right to a face-to-face CDP hearing. Granger v. Commissioner, T.C. Memo 2009-258 (citing O'Meara v. Waters, 464 F. Supp. 2d 474, 479-80 (D. Md. 2006); and Turner v. United States, 372 F. Supp. 2d 1053, 1058 (S.D. Ohio 2005)). If a taxpayer fails to take the steps necessary to qualify for collection alternatives, he is not entitled to a face-to-face hearing. *68 Lindberg v. Commissioner, T.C. Memo 2010-67. Furthermore, there is no abuse of discretion in the IRS's refusal of a face-to-face hearing when a taxpayer refuses to present non-frivolous arguments, file past-due returns, and submit financial statements. See Moline v. Commissioner, 363 Fed. Appx. 675 (10th 2010), affg. T.C. Memo 2009-110; Rice v. Commissioner, T.C. Memo 2009-169; Summers v. Commissioner, T.C. Memo 2006-219. Petitioner failed to attend the telephonic CDP hearing. The collections agent considered the information offered by the petitioner and provided her the opportunity to furnish the Form 433-A and file her tax returns for tax years 2006 and 2007 in order to qualify for a face-to-face hearing. Petitioner failed to provide the SO with that information. Consequently, the appeals officer did not abuse her discretion when she denied petitioner a face-to-face hearing.
Respondent's determination to sustain the levy was not an abuse of discretion. Petitioner had numerous opportunities to challenge the underlying tax liability for tax year 2004. After a number of chances, petitioner failed to comply with the SO's requests for information and tax returns in order to render *69 her eligible for collection alternatives and a face-to-face hearing. The SO balanced the need for efficient collection of taxes with the taxpayer's concerns that any collection alternative be no more intrusive than necessary. Because petitioner failed to provide respondent with the necessary information to qualify for a collection alternative, respondent had other way to collect the outstanding taxes. Therefore, the Court finds that respondent did not abuse his discretion by sustaining the levy assessment.
Premises considered, it is
ORDERED that petitioner's motion for summary judgment is DENIED. It is further
ORDERED that respondent's cross motion for summary judgment is GRANTED. It is further
ORDERED AND DECIDED that respondent may proceed with collection action as determined in the Notice of Determination Concerning Collection Action dated February 3, 2009, for tax year 2004.
/s/ Elizabeth C. Paris
Judge
ENTERED: SEP 29, 2010
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Court notes that the notice of deficiency was sent on Sept. 4, 2007, to the same address where petitioner received the notice and demand for payment, notice of intent to levy, and notice of determination. This address is also the same address at which petitioner was living when she filed a petition in case number 16191-08S for tax year 2003 filed on June 27, 2008, and case number 24315-08 for tax year 2006 filed on September 29, 2008.
3. In addition to tax year 2004, petitioner had not filed her tax returns for 2006 and 2007 by the date of the hearing. By filing her delinquent 2006 and 2007 tax returns and submitting a Form 433-A, petitioner would have been in compliance with the tax laws and may have qualified for collection alternatives which would have provided her the opportunity to challenge the underlying liability at a face-to-face hearing. The record also reflects that the SO gave petitioner a chance to submit her 2004 tax return to substantiate her tax positions and determine if any of her tax liability could be abated.↩