T.C. Memo. 2011-149

UNITED STATES TAX COURT

RODNEY SANCHEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14551-09L.                    Filed June 28, 2011.

Rodney Sanchez, pro se.

<u>Brooke Laurie</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Petitioner seeks review of respondent's

determination to sustain the filing of a notice of Federal tax

lien (NFTL) with respect to unpaid Federal income tax liabilities

for 2003 and 2004 pursuant to sections 6320 and 6330(c), (d), and (e).[1]  We must decide whether to sustain the determination.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of fact and facts drawn from stipulated exhibits are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Texas.

Petitioner timely filed joint Forms 1040, U.S. Individual Income Tax Return, for 2003 and 2004 with his then wife, Analisa Sanchez (Ms. Sanchez).  When petitioner and Ms. Sanchez filed the returns, they did not fully pay the balances due shown on the returns.  However, they subsequently paid them.

Respondent examined the 2003 and 2004 returns.  By notice of deficiency dated April 23, 2007, respondent determined an income tax deficiency and a section 6662 accuracy-related penalty for each year.  Separate copies of the notice of deficiency were sent to petitioner and Ms. Sanchez at their last known address.  Ms. Sanchez, who was residing at the last known address when the notice of deficiency was mailed, received her copy.  Petitioner, who had moved to a different residence, did not receive his copy; his undelivered copy was returned to respondent.  Neither petitioner nor Ms. Sanchez petitioned this Court regarding the

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

notice of deficiency. After the period for petitioning this Court expired, respondent assessed the deficiencies, penalties, and interest for 2003 and 2004.

On May 14, 2008, respondent sent Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), to petitioner by certified mail. Petitioner signed the post office receipt confirming that he received the levy notice on May 20, 2008. On May 22, 2008, respondent sent Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice), to petitioner by certified mail. On July 7, 2008, respondent received petitioner's request for a collection due process hearing or equivalent hearing (hearing request). The envelope was postmarked June 30, 2008. The hearing request was timely as to the lien notice but was not timely as to the levy notice. Consequently, petitioner was entitled to receive, and received, a section 6320/6330 hearing with respect to the lien notice. Petitioner received an equivalent hearing with respect to the levy notice.

Petitioner's case was initially assigned to Settlement Officer Shirley J. Rivers (SO Rivers) but was transferred to Settlement Officer Bart A. Hill (SO Hill) after petitioner raised an issue regarding the underlying liabilities. On April 8, 2009, SO Hill held a telephone hearing with petitioner that covered both the lien notice and the levy notice. SO Hill and petitioner

also communicated during the hearing process through correspondence.  During the hearing process SO Hill requested the following documentation from petitioner:  (1) A completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) signed income tax returns for 2006 and 2007; (3) proof of estimated tax payments for 2008 and a draft of petitioner's 2008 return; and (4) documentation to support petitioner's challenges to the underlying liabilities. Petitioner did not produce any of this documentation.[2]

On May 7, 2009, respondent issued a notice of determination that sustained the filing of the NFTL and confirmed that the requirements of sections 6320 and 6330(c) and (d) had been satisfied.  Petitioner filed a timely joint petition contesting the determination, which contained his signature and the purported signature of Ms. Sanchez.  However, because Ms. Sanchez

___

[2]Petitioner declined to stipulate the complete administrative record, but he made no argument that the administrative record respondent identified was incomplete or otherwise inaccurate.  Respondent offered Exhibits 32 and 33, consisting of declarations of SO Rivers and SO Hill with exhibits attached, in order to introduce the complete administrative record considered by the Appeals Office in making its determination.  Petitioner objected to the admission of the exhibits, and we reserved ruling at trial.  We now overrule petitioner's objections and admit the exhibits, which were properly authenticated and which we admit for the purpose of providing us with the complete administrative record and not for the truth of the matters asserted therein.  See Hoyle v. Commissioner, 136 T.C. ___, ___ (2011) (slip op. at 17-18).

did not sign or ratify the petition,[3] we granted respondent's motion to dismiss for lack of jurisdiction as to Ms. Sanchez. We also granted respondent's motion to dismiss petitioner's case insofar as it relates to the equivalent hearing held with respect to the levy notice.

We subsequently held a trial at which petitioner testified. Petitioner, a high school graduate, operated a sole proprietorship, On the Level Foundation Repair, during 2003 and 2004. When respondent issued the notice of deficiency, petitioner was going through an acrimonious divorce and did not reside in the marital home at 5410 Wooldridge Road, Corpus Christi, Texas, the address respondent used in issuing the notice of deficiency. Respondent concedes that petitioner did not receive the notice of deficiency for 2003 and 2004 and that petitioner was entitled to contest the underlying liabilities for 2003 and 2004 during the section 6320/6330 hearing process. However, petitioner failed to present any information during the section 6320/6330 hearing or at trial to prove that the

---

[3]Ms. Sanchez spoke with respondent's counsel and confirmed she did not sign the petition.

underlying liabilities were incorrect[4] or that the notice of determination was erroneous.

OPINION

I.  Collection Hearing Procedure

Section 6321 imposes a lien on all property and property rights of a taxpayer liable for taxes where a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes.  Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.  Section 6320(b) affords the taxpayer the right to a fair hearing before an impartial hearing officer.  Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d) (other than paragraph (2)(B) thereof), and (e).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the

---

[4]The 2003 and 2004 income tax deficiencies are primarily due to the disallowance of deductions for some but not all of petitioner's expenses reported on Schedule C, Profit or Loss From Business.  Although petitioner contends that the resulting liabilities are too high, we have no evidence on which to base such a finding.  We encourage petitioner to pursue audit reconsideration of the 2003 and 2004 liabilities and to produce substantiation for his disallowed Schedule C deductions at that time.  We encourage respondent to work with petitioner if he requests audit reconsideration and provides the necessary documents and information to support his contention that the 2003 and 2004 tax liabilities are excessive.  We remind petitioner of what we told him at trial--his tax problems will only get worse if he ignores them and continues his pattern of noncompliance.

appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded, however, from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office is required to issue a notice of determination regarding the validity of the filed Federal tax lien. In making a determination, the Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of any applicable law and administrative procedure have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3). If the taxpayer disagrees with the Appeals Office's determination, the taxpayer may seek judicial review by appealing to this Court. Sec. 6330(d). Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Sego v. Commissioner, supra at 610. The Court reviews all other

determinations of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). The Appeals Office abuses its discretion if its determination is made "arbitrarily, capriciously, or without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

II. Validity of Notice of Federal Tax Lien

Petitioner made a vague argument at trial that respondent failed to properly assess the underlying tax liabilities for 2003 and 2004 on the basis that he did not receive the notice of deficiency. Petitioner also argued that he did not receive a notice of assessed tax that was signed and properly labeled. However, petitioner's principal argument is that he has not been given a fair chance to resolve this tax case because he did not receive the notice of deficiency or a notice of tax due. He also maintains that he has been burdened by personal and business problems, that he simply has not had the time or the money to deal with his tax problems, and that the assessed tax deficiencies are erroneous and excessive.

We have reviewed the record and can identify no procedural or substantive defect that would justify a decision refusing to

uphold the filing of the NFTL.[5]  Respondent's Appeals Office verified that the requirements of any applicable law or administrative procedure have been met as required by section 6330(c)(1); it considered the issues petitioner raised during the administrative hearing as required by section 6330(c)(2), including petitioner's challenge to the underlying liabilities for 2003 and 2004; and it appropriately balanced the need for efficient tax collection with petitioner's legitimate concern that any collection action be no more intrusive than necessary as required by section 6330(c)(3)(C).  Petitioner did not offer <u>any</u> evidence during the administrative hearing or at trial to prove that the underlying liabilities were too high, nor did he submit the documentation regarding his financial condition and his tax compliance that the Appeals Office reasonably requested during the administrative hearing process.  Respondent did not abuse his discretion in determining that the NFTL was properly filed, and we sustain that determination.[6]

---

[5]Petitioner does not dispute that respondent mailed a notice of deficiency with respect to 2003 and 2004 to him and to Ms. Sanchez at their last known address as required by sec. 6212(a) and (b).  Petitioner contends only that he did not receive the notice of deficiency.

[6]Because petitioner did not timely request a sec. 6330 hearing with respect to the levy notice, we do not consider respondent's action with respect to the levy notice as we have no jurisdiction to do so.

We are sympathetic to petitioner, who seemed genuinely overwhelmed at trial by his tax and other problems.  We reiterate that petitioner must become current in his tax filings and estimated tax payments so that his tax problems do not worsen. We encourage petitioner to request audit reconsideration of the 2003 and 2004 liabilities but only if he is prepared to provide respondent with substantiation of his business expenses for those years.  If petitioner is able to find a buyer for one or more of the properties he owns,[7] we also encourage him to work with respondent to obtain a release or subrogation of the lien in appropriate circumstances.

We have considered all issues raised by the parties and, to the extent they are not discussed herein, we conclude that they are without merit or are unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[7]Petitioner stated at trial that he owns a commercial building and his home but that the lien was impairing his ability to sell the properties for a fair price.