T.C. Memo. 2016-121

UNITED STATES TAX COURT

DAVID P. BUFFANO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27905-09L.                              Filed June 21, 2016.

David P. Buffano, pro se.

<u>Brian A. Press</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner

petitioned the Court to review a Notice of Determination Concerning Collection

Action(s) Under Section 6320 and/or 6330 (determination letter) issued to him by

the Internal Revenue Service Office of Appeals (Appeals).  The determination

letter took the position that petitioner was not entitled to challenge his underlying

**[\*2]** tax liabilities for 2004 and 2005 because he had previously received statutory notices of deficiency for those years. The determination letter concluded that petitioner was not entitled to any relief from a proposed levy to collect his 2004 and 2005 Federal income tax liabilities.

Petitioner through an amended petition challenged the determination letter on multiple grounds. After the case was set for trial, respondent moved for summary judgment, and the Court granted respondent's motion with respect to all issues raised by petitioner except the issue of whether he had received notices of deficiency for 2004 and 2005 so as to preclude him from challenging his underlying tax liabilities for those years. See sec. 6330(c)(2)(B).[1] We hold that petitioner received notices of deficiency for 2004 and 2005 and thus in this proceeding may not challenge his underlying tax liabilities for those years. We therefore sustain Appeals' determination that petitioner is not entitled to any relief from the proposed levy.

                                FINDINGS OF FACT

Petitioner resided in Illinois when his petition was filed. He did not file a Federal income tax return for 2004 or 2005.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

[*3]   Respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to his Federal income tax liabilities for 2004 and 2005.  In response to the levy notice, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing.

The Appeals settlement officer who conducted petitioner's collection due process hearing (CDP hearing) pursuant to his request obtained copies of notices of deficiency issued to petitioner for 2004 and 2005 (each dated October 15, 2007) and a confirmation of their mailing from respondent's records.  The settlement officer retrieved from the U.S. Postal Service Web site two "Track & Confirm" printouts confirming that items bearing the same certified mail numbers as appeared on the 2004 and 2005 notices of deficiency were delivered to an address in Colfax, Illinois, on October 22, 2007.  The settlement officer further noted that the Colfax, Illinois, address on the notices of deficiency matched the address petitioner gave on his Form 12153 requesting the CDP hearing.

The determination letter subsequently mailed to petitioner stated:

The determination of Appeals is that you are not entitled to relief from the proposed collection action.  Internal records show that you previously had an opportunity to challenge the liability in response to a statutory notice of deficiency and failed to do so.  You did not provide any financial information so your ability to pay could be determined, and you would not be eligible for any collection

**[\*4]** alternatives at the present time because you are not in compliance with the filing of all required tax returns.

OPINION

I.   Background

We denied respondent's motion for summary judgment with respect to the issue of whether petitioner had received statutory notices of deficiency for 2004 and 2005, finding that petitioner's response to the motion, denying that he had received the notices, raised a genuine dispute as to a material fact, precluding summary adjudication of that issue. When the case was called for trial, however, petitioner refused to offer any sworn testimony or other evidence to support his assertion that he had not received the notices.[2] Instead, petitioner maintained that it was respondent's burden to prove that he had received notices of deficiency for those years. Respondent offered into evidence the administrative record and a substitute U.S. Postal Service Form 3877 (Form 3877).

II.   Applicable Rules for a Levy

The Secretary may collect a taxpayer's unpaid tax by levying upon the taxpayer's property or rights to property. See sec. 6331(a). Such a levy, however, generally requires that the Secretary first notify the taxpayer in writing of his right

---

[2]Indeed, petitioner declined to offer any testimony or evidence on any matter. He also failed to file a posttrial brief as directed by the Court.

[*5] to a prelevy hearing with Appeals on the issue of whether the levy is appropriate. See sec. 6330(a)(1), (b)(1). If the taxpayer timely requests a hearing, the Appeals officer must at the hearing verify that the requirements of any applicable law or administrative procedure have been met. See sec. 6330(c)(1). In addition, the taxpayer generally may raise at the hearing "any relevant issue" relating to the unpaid tax or the levy. See sec. 6330(c)(2)(A). The taxpayer also may challenge the existence or amount of the underlying tax liability, but only if he did not receive any statutory notice of deficiency with respect to the liability or otherwise have an opportunity to dispute the liability. See sec. 6330(c)(2)(B). The preclusion of a challenge to the underlying tax liability pursuant to section 6330(c)(2)(B) generally requires actual receipt of the notice of deficiency by the taxpayer. See Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); see also Sapp v. Commissioner, T.C. Memo. 2006-104.

III.    Discussion

Petitioner contends that he did not receive notices of deficiency for 2004 and 2005 and, unless respondent can prove otherwise, he is entitled in this proceeding to challenge his underlying tax liabilities for those years. We disagree.

As described in our findings, the settlement officer undertook to satisfy the verification requirement of section 6330(c)(1) by obtaining copies of notices of

[**\*6**] deficiency issued to petitioner for 2004 and 2005 and "Track and Confirm" printouts from the U.S. Postal Service confirming delivery to the address petitioner used on his CDP hearing request of items bearing the same certified mail numbers as the notices of deficiency. The foregoing documents are included in the administrative file of petitioner's CDP hearing, which is a part of the record.[3] At trial respondent offered into evidence a substitute Form 3877 which records that two notices of deficiency bearing the same certified mail numbers just noted were mailed to petitioner on October 15, 2007, at the Colfax, Illinois, address he listed as his address on his CDP hearing request.

The Form 3877 constitutes proof of mailing of the notices of deficiency absent contrary evidence. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), aff'd, 499 F.2d 550 (2d Cir. 1974). Petitioner has offered no contrary evidence.

Evidence that respondent properly mailed the notices of deficiency raises a presumption that they were actually received by the addressee, namely, petitioner. See Rosenthal v. Walker, 111 U.S. 185, 193-194 (1884); Estate of Wood v.

---

[3]We consider the administrative record for the limited purpose of establishing information that was available to the settlement officer when preparing the notice of determination. See Hoyle v. Commissioner, 136 T.C. 463, 468-469, 472-473 (2011); Santa v. Commissioner, T.C. Memo. 2013-178, at \*17 n.8; Sanchez v. Commissioner, T.C. Memo. 2011-149, slip op. at 4 n.2.

[*7] <u>Commissioner</u>, 92 T.C. 793, 798-799 (1989), <u>aff'd</u>, 909 F.2d 1155 (8th Cir. 1990); <u>Zenco Eng'g Corp. v. Commissioner</u>, 75 T.C. 318, 323 (1980), <u>aff'd without published opinion</u>, 673 F.2d 1332 (7th Cir. 1981).  The finding that petitioner actually received the notices is further supported by the fact that the Colfax, Illinois, address used on the notices was the same address petitioner subsequently used on his CDP hearing request.  Absent any evidence to the contrary, we find that petitioner was residing at that address when the notices were mailed there.

The Court may find on the basis of the foregoing presumption that petitioner did in fact receive the notices of deficiency unless he adequately rebuts the presumption through credible testimony or other competent evidence that he did not in fact receive them.  <u>See, e.g.</u>, <u>Sego v. Commissioner</u>, 114 T.C. at 611; <u>Butti v. Commissioner</u>, T.C. Memo. 2006-66.

Because petitioner failed to present any sworn testimony or other evidence at trial, his bare assertion that he did not receive the notices of deficiency has no evidentiary support and does not rebut the presumption of their receipt.

We conclude that petitioner received notices of deficiency for 2004 and 2005 and, hence, that he is precluded in this proceeding from challenging the underlying tax liabilities for those years.  We sustain Appeals' determination that

**[\*8]** the proposed levy to collect his 2004 and 2005 Federal income tax liabilities may proceed.

    To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.